UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CURTIS S. THOMPSON, ) | CASE NO. C07-0985-TSZ |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| CATHY A. CATTERSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis* (IFP), filed a 42 U.S.C. § 1983 civil rights action. He names as defendants Cathy A. Catterson, Clerk, Ninth Circuit Court of Appeals, Bruce Rifkin, Clerk, United States District Court, William K. Suter, Clerk, United States Supreme Court, and many "unknown" co-conspirators. Because plaintiff is suing federal employees, this action is appropriately brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

Plaintiff alleges that the named defendants conspired to violate his constitutional rights of access to the courts, equal protection, and due process of the law. His claims relate to a different case plaintiff filed in this Court. *See Thompson v. O'Toole*, No. C05-2064-JLR-MJB. In that

REPORT AND RECOMMENDATION
PAGE -1

case, plaintiff filed a notice of appeal and, on referral from the Ninth Circuit Court of Appeals, this Court certified that the appeal was not taken in good faith. (*Id.*, Dkt. 48.) The Ninth Circuit thereafter revoked plaintiff's IFP status for the appeal and ordered him to pay the $455.00 filing fee or face dismissal of the appeal. (*Id.*, Dkt. 68.) Plaintiff asserts that he was never given notice pursuant to Federal Rule of Appellate Procedure 24(a)(4) – which requires that the district clerk immediately notify the parties and the court of appeals when the district court certifies that an appeal is not taken in good faith – or provided an opportunity for appealing the revocation of his IFP status. He avers that, given the lack of notice, named defendants Catterson and Rifkin conspired to violate his constitutional rights, which ultimately resulted in his failure to meet the deadline for filing a petition for a writ of certiorari in the United States Supreme Court and named defendant Suter deeming that petition time-barred.

To maintain a *Bivens* action, plaintiff must allege facts showing that defendants, acting under color of federal authority, deprived him of a right guaranteed by the federal Constitution. *Bivens*, 403 U.S. at 389. Plaintiff must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

The Court issued an Order to Show Cause indicating that this case appears to fail at a fundamental, factual level. (Dkt. 5.) That is, contrary to plaintiff's assertion and in accordance with Federal Rule of Appellate Procedure 24(a)(4)(B), this Court appropriately provided the parties and the Court of Appeals notice of the certification that plaintiff's appeal was not taken in good faith. *See Thompson*, No. C05-2064-JLR-MJB (Receipt for Dkt. 48 (reflecting that the order was sent to the Court of Appeals, that notice was electronically mailed to counsel of record,

01 and that notice was delivered by other means to plaintiff at the King County Correctional
02 Facility)).

03       The Court also noted that plaintiff failed to make clear that the named defendants are
04 subject to this *Bivens* suit.  The Ninth Circuit has held that "[c]ourt clerks have absolute quasi-
05 judicial immunity from damages for civil rights violations when they perform tasks that are an
06 integral part of the judicial process." *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385,
07 1390 (9th Cir. 1987). Here, all of the named defendants appear to have been performing basic
08 tasks properly characterized as integral parts of the judicial process.

09       Plaintiff responded to the Order to Show Cause. (Dkt. 6.) He maintains that he was never
10 given the required notice and that the named defendants are not immune in that they acted
11 deliberately with the intent to dismiss his suit.  However, these bare assertions do not suffice to
12 overcome the deficiencies outlined above.  Accordingly, this case should be dismissed.  A
13 proposed Order accompanies this Report and Recommendation.

14       DATED this 6th day of September, 2007.

15
16                                          Mary Alice Theiler
17                                          United States Magistrate Judge
18
19
20
21
22